## Ham & als. petitioners for partition, versus Ham.

In a petition for partition, if an issue is presented as to a piece of land, which the presiding Judge is unable to determine whether it is included in the petition or not, he may authorize such an amendment or variance of the pleadings, as will prevent the jury from finding upon an immaterial issue.

*Such amendments* are allowed without costs to either party.

If the parties to a suit put in issue a matter, which is incapable of being legally made so, the Court may direct the pleadings respecting it to be struck out or disregarded.

And the omission of the jury to find *such an issue* is no ground of exception.

On Exceptions, Wells, J., presiding.

Petition for Partition.

Among other pleas, the respondent pleaded, "that at the time of preferring said petition, he was, and ever since has been, sole seized of the following lot of land included in said petition, containing ten acres, and describing it, &c., and that he is entitled to hold the same in fee, and prays judgment, &c.

The replication alleged that the petitioners ought not to be precluded from having partition of the premises described in the plea of respondent, &c., and tendered an issue to the country.

The boundaries and description of the land described in the petition appear in the opinion of the Court.

After all the evidence was out, the presiding Judge instructed the jury that, as to the *ten acre lot,* one question for their determination, which the parties made, was, whether it was embraced in the petition for partition; and if they did not find it so embraced in the petition, they need have nothing to do with it. It was out of the case; but they would examine the petition and compare the description of the land in it, with the land upon the face of the earth, to ascertain whether the ten acre lot was or was not embraced in the petition; and that it would be necessary, in order to preserve the rights of the parties, for them to be able to state how they found that fact, upon the bringing in of their verdict.

After the Judge had ceased to charge the jury, the counsel for the respondent requested this instruction; "*that* the petitioners were not at liberty in this stage of the proceedings to deny that the ten acre lot is embraced in the said petition; as they have taken issue upon the respondent's plea of sole seizin, and have not disclaimed as to the ten acres, but still claim it before the jury."

Whereupon the counsel for the petitioners moved for leave to amend their replication, and instead of traversing said plea of sole seizin, to set forth that they were seized as tenants in common of the premises described in the petition. Which motion was resisted by the respondent, without the payment of costs up to the time of trial.

But the Judge allowed the amendment, without allowing costs to the respondent.

The jury returned a verdict for the petitioners, and found that the ten acre lot described in the respondent's plea was not embraced in the petition. To all of which rulings, decisions and instructions, the respondent excepted.

*D. Goodenow,* in support of the exceptions.

*J. Shepley, contra.*

SHEPLEY, C. J. — In the petition for partition the land is described as " the homestead farm, which formerly belonged to George Ham, of said Shapleigh, deceased, and which was conveyed by William Ham to said Rufus. Ham and Thomas Ham by deed bearing date on the eighth day of April, A. D. 1823," except about fifteen acres described; " the said farm adjoining on the south on the Lord place, now occupied by William Ham ; on the westerly side on land of Jacob Ham, of Thacher Ricker, and the road; on the north side on land of William Sayward and son, or on land of one of them; and on the east on land of Libbeus Ham, of Levi Ham, of William Ham, and Gideon Ross," excepting the same fifteen acres.

The respondent, with other pleas, pleaded sole seizin in " one other lot of land, included in said petition, containing

Ham *v.* Ham.

ten acres," and particularly described. To this plea, there was originally a replication alleging, that the petitioners were seized thereof as tenants in common, and an issue to the country was joined.

The jury were instructed in substance, if they did not find the ten acre lot was embraced in the petition, " they need have nothing to do with it. It was out of the case."

That lot appears to have been included in the farm of the respondent, and not to have been separated from it by any fence. The farm of the respondent did not constitute, under that designation, any part of the description of the land described in the petition.

That lot was also embraced in the plan of the land, but it was placed there at the request of the respondent. These facts might afford no proof, that the land described in the petition included that lot. If the latter clause of that description were alone regarded, it might be included; but this could not be ascertained without proof to locate the land and the road, to which the land is described as adjoining. The description of the land in the petition does not require, that it should be bounded entirely by the lands of others named, and by the road; but only that certain portions of it should adjoin them. Whether the ten acre lot was a part of the land described in the petition, would not be determined by considering both clauses of the description. It does not appear to have constituted a part of the farm designated by the first clause, but this could not be determined without proof *aliunde.* There not appearing to be any inconsistency between the two clauses, if the jury should find, that it was not included in the land described in the petition, it would be a lot of land not only not in contest, but one, that could not be the subject of contest in those proceedings.

If parties, by their pleadings, put a matter in contest, by an issue in due form, which is incapable of being legally made so, they merely raise an immaterial issue, and when it becomes known to the Court to be such, it is its duty to

prevent it being the occasion of trouble to the jury or to a correct determination and judgment on the matters of litigation. The omission of the jury to find such an issue would be of no importance. *Ray* v. *Clemens*, 6 Leigh. 600; *Thornton* v. *Sprague*, Wright, 645.

The instructions were therefore entirely correct.

If the presiding Judge could have been certain, without the finding of a jury, that the ten acre lot was not included in the land described in the petition, he might have directed the pleadings respecting it to be struck out or disregarded. Not being able to determine that, without the assistance of a jury, he might, at any stage of the trial, authorize such an amendment or variance of the pleadings, as would prevent a finding upon an immaterial issue. 2 Saund. 319, b, note 6; *Strout* v. *Durham*, 23 Maine, 483.

It does not appear to have been in accordance with the English practice or our own, to allow costs to either party in such cases.                    *Exceptions overruled.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.